# IN THE COURT OF APPEALS OF TENNESSEE
## MIDDLE SECTION AT NASHVILLE

LARRY D. TURNLEY,         )
                                 )

      Plaintiff/Appellant,    )

                                 )      Davidson Chancery
                                 )      No. 94-3602-II

VS.                           )

                                 )      Appeal No.
                                 )      01A01-9601-CH-00015

TENNESSEE DEPARTMENT OF   )
CORRECTION,              )

                                 )

      Defendant/Appellee.    )

**FILED**

**October 17, 1997**

**Cecil W. Crowson**
**Appellate Court Clerk**

## APPEAL FROM THE CHANCERY COURT FOR DAVIDSON COUNTY AT NASHVILLE, TENNESSEE

### THE HONORABLE ELLEN HOBBS LYLE, CHANCELLOR

For the Plaintiff/Appellant:

Larry D. Turnley, Pro Se

For the Defendant/Appellee:

Charles W. Burson
Attorney General and Reporter

Darian B. Taylor
Assistant Attorney General
Criminal Justice Division

## AFFIRMED AND REMANDED

WILLIAM C. KOCH, JR., JUDGE

# **O P I N I O N**

This appeal involves a dispute over a state prisoner's release eligibility date. After the Tennessee Department of Correction did not respond to his request for a declaratory ruling, the prisoner filed a declaratory judgment action in the Chancery Court for Davidson County seeking a declaration that his release eligibility date was September 2000. The Department filed a motion for summary judgment supported by an affidavit setting out its release eligibility date calculations. After the trial court dismissed his petition, the prisoner perfected this appeal. We agree with the trial court's conclusion that the material facts are not in dispute and, accordingly, affirm the summary judgment.

## I.

Larry D. Turnley is currently incarcerated in the Morgan County Regional Correctional Facility following a lengthy criminal career. In March 1975 he received a 16 to 30-year prison sentence after being convicted of grand larceny, second degree burglary, robbery, and four counts of armed robbery. Mr. Turnley was paroled in April 1982 but was returned to custody seven months later after committing another armed robbery. He was convicted of this offense and received another 35-year sentence to be served consecutively with his earlier sentences.

Mr. Turnley escaped from custody in September 1983. Before he was captured in Virginia, he committed an aggravated robbery in Tennessee and other crimes in Virginia. While still in Virginia's custody, he agreed to plead guilty to the Tennessee aggravated robbery and escape charges and received 8-year and 1-year sentences to be served concurrently with each other and consecutively with his earlier Tennessee sentences.[1] He was eventually released to Tennessee's custody and returned to the Davidson County Jail on April 14, 1992. As a result of his later convictions for

_____

[1]Mr. Turnley later filed a petition for post-conviction relief challenging the plea bargain agreement because of the manner in which the Department of Correction was calculating these sentences. The Court of Criminal Appeals reversed the summary dismissal of this petition and remanded the case with directions to appoint counsel for Mr. Turnley and to conduct a hearing on his petition for post-conviction relief. *See Turnley v. State,* App. No. 01C01-9407-CR-00243, 1995 WL 544001 (Tenn. Crim. App. Sept. 14, 1995). The record contains no evidence concerning the outcome or status of this proceeding.

armed robbery, escape, and aggravated robbery, Mr. Turnley is now serving a 16 to 73-year sentence.

After being informed that he would not be eligible to be considered for release until 2007, Mr. Turnley sought a declaratory ruling from the Department of Correction concerning its calculation of his sentence eligibility date. When the Department declined to issue a ruling, Mr. Turnley filed a petition for declaratory judgment pursuant to Tenn. Code Ann. § 4-5-225 (Supp. 1997) (formerly Tenn. Code Ann. § 4-5-224) in the Chancery Court for Davidson County. The Department responded with a motion for summary judgment supported by an affidavit of the manager of Sentence Information Services detailing the Department's calculations of Mr. Turnley's release eligibility date. Mr. Turnley responded by taking issue with the Department's calculations. The trial court granted the Department's motion after determining that there were no genuine disputes concerning the material facts and that the Department was entitled to a judgment as a matter of law.

## II.

The sole issue on this appeal is whether the Department was entitled to a judgment in its favor as a matter of law based on the evidence submitted in support of and in opposition to its motion for summary judgment. As we understand Mr. Turnley's pro se brief and pleadings, he insists that the Department was not entitled to a judgment as a matter of law because the record contains material factual disputes with regard to the percentage of his later armed robbery, aggravated robbery, and escape sentences he must serve before being eligible for release classification status and to the calculation of his sentence credits.

The party seeking a summary judgment has the initial burden of satisfying the trial court that there are no genuine disputed factual issues for trial and that it is entitled to a judgment as a matter of law. *See Wyatt v. A-Best, Co.,* 910 S.W.2d 851, 854 (Tenn. 1995). Once the moving party has filed a properly supported motion, the burden shifts to the non-moving party to demonstrate by affidavits or other appropriate evidentiary materials that there is a genuine, material factual dispute

warranting a trial on the merits. *Byrd v. Hall,* 847 S.W.2d 208, 211 (Tenn. 1993). Non-moving parties should not take a motion for summary judgment lightly, *see Fowler v. Happy Goodman Family,* 575 S.W.2d 496, 499 (Tenn. 1978), and should not rely on the denials or allegations in their pleadings to establish a material factual dispute that will be sufficient to defeat a summary judgment motion. *See* Tenn. R. Civ. P. 56.06.

Mr. Turnley's response to the Department's motion for summary judgment does not set forth specific facts showing that there is a genuine issue for trial. Rather, it is simply a restatement of the allegations in his earlier pleadings and other papers filed with the trial court. His assertions about the circumstances of his incarceration in Virginia and the terms and conditions of his sentences for aggravated robbery and escape are completely unsupported and unsubstantiated. Likewise, his assertions relating to the calculation of his sentence credits appear to overlook the fact that he is not entitled to these credits until he earns them and that he is not entitled to sentence credits during the "dead time" when he had escaped. *See* Tenn. Code Ann. § 41-21-236(a)(3) (1997).

## III.

We affirm the summary judgment dismissing Mr. Turnley's petition and remand the case to the trial court for whatever further proceedings are required. We tax the costs of this appeal to Larry D. Turnley for which execution, if necessary, may issue.

_____
WILLIAM C. KOCH, JR., JUDGE

CONCUR:

_____
HENRY F. TODD, PRESIDING JUDGE
MIDDLE SECTION

-4-

_____

SAMUEL L. LEWIS, JUDGE